# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-1161

_____

United States of America

*Plaintiff - Appellee*

v.

Cebrian Omar Sims

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: October 10, 2014
Filed: October 20, 2014
[Unpublished]

_____

Before RILEY, Chief Judge, WOLLMAN and BYE, Circuit Judges.

_____

PER CURIAM.

After Cebrian Sims pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), the district court[1] sentenced him pursuant to the

_____

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), to 180 months imprisonment. In applying the ACCA, the district court found Sims to have been convicted of three "violent felonies" within the meaning of 18 U.S.C. § 924(e)(2)(B): first for fleeing a police officer by car, second for burglarizing a dwelling, and third for first-degree burglary.

In the district court and now on appeal, Sims maintains his fleeing conviction under Minn. Stat. § 609.487, subd. 3, is not a "violent felony" under the ACCA's residual clause. In United States v. Bartel, 698 F.3d 658, 662 (8th Cir. 2012), we came to the opposite conclusion, but Sims urges Bartel's result is no longer viable "in the wake of Descamps v. United States, [570] U.S. ___, 133 S. Ct. 2276 (2013)."

After Sims and the government submitted their appellate briefs, we decided United States v. Pate, 754 F.3d 550 (8th Cir. 2014), which reaffirmed Bartel in light of Descamps. See id. at 555-56. Like Pate, "Minn. Stat. § 609.487, subd. 3, as relevant to this case, is indivisible and is not one of the enumerated offenses listed in § 924(e)(2)(B)(ii)." Id. at 555. As such, we again conclude "'a violation of Minnesota Statute § 609.487, subd. 3 presents a serious potential risk of physical injury to another and is therefore a violent felony under the ACCA.'" Id. at 555-56 (quoting Bartel, 698 F.3d at 662).

Because the district court did not err in sentencing Sims pursuant to the ACCA, we affirm.

_____